## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'   JS-6

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION (Dkt. 19, filed September 8, 2015)

## I.    INTRODUCTION

On July 28, 2015, plaintiff Nu Image, Inc. ("Nu Image") filed the operative complaint in this action against defendant International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, its Territories, and Canada, AFL-CIO, CLC ("IATSE").  Plaintiff's complaint is based on Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), and asserts claims for (1) intentional misrepresentation, (2) negligent misrepresentation, and (3) declaratory relief.  In brief, this action seeks damages that have resulted from defendant IATSE's alleged misrepresentations regarding plaintiff's residual payment obligations under a collective bargaining agreement.

On September 8, 2015 defendant filed the instant 12(b)(1) motion to dismiss for lack of subject matter jurisdiction or, in the alternative, compel arbitration.  Dkt. 19.  On October 5, 2015, plaintiff filed an opposition, dkt. 23, and on October 9, 2015, defendant replied, dkt. 24.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           **'O'   JS-6**

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

## II.    BACKGROUND

Nu Image is a full-service, independent production company that produces and markets motion pictures in the United States and abroad.  Compl. at ¶ 6.  Defendant IATSE is a labor organization that represents motion picture production crew members in the United States.  Id. at ¶ 9.  The complaint alleges that prior to 2006, Nu Image and IATSE entered into single-production collective bargaining agreements ("CBAs") that governed their relationship on a per-motion picture basis.  Id. at ¶ 14.  Nu Image states that under these single-production agreements, it never paid, and was never asked to pay, residual contributions to the Motion Picture Industry Health and Pension Plans (the "Plans").  Such payments are typically required under the producer-IATSE and MPTAAC Basic Agreement ("Basic Agreement").  Id. at ¶¶ 16, 18.[1]

However, in 2006 Nu Image and IATSE entered into negotiations for an "Overall CBA" that would govern every Nu Image motion picture produced in the territory governed by the CBA.  Id. at ¶ 17.  Nu Image alleges that during these negotiations it made "abundantly clear" to IATSE "that it would not agree to an Overall CBA if it were required to remit Residual Contribution payments" to the Plans, as provided in the Basic Agreement.  Id. at ¶¶ 3, 18.  Nu Image further alleges that IATSE executives represented to Nu Image on multiple occasions that neither IATSE nor the Plans would seek residual contributions under any future CBA, including the Overall CBA.  Id. at ¶¶ 18, 21.

Nu Image further avers that in reliance upon IATSE's representations that Nu Image would not have to pay residual contributions in the future, Nu Image agreed to enter into the Overall CBA, which purports to incorporate the terms of the Basic

---

[1]  The Basic Agreement is the standard agreement negotiated by IATSE and major motion picture production studios, and typically governs the relationship between an employer and IATSE.  Compl. at ¶ 9.  Nu Image alleges that independent producers like Nu Image were not involved in the negotiations giving rise to the Basic Agreement, and as such the Basic Agreement was not drafted with the business model of independent producers in mind.  Id. at ¶ 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|----------|--------------------------|------|---------------|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

Agreement. Id. at ¶ 26. On its face, the Basic Agreement, as incorporated into the Overall CBA, *does* require the payment of Residual Contributions to the Plans; however, Nu Image alleges that in reliance upon IATSE's representations, Nu Image neither paid nor believed it was obligated under the Overall CBA to pay residual contributions between 2006 and 2009. Id. at ¶¶ 3, 27. Nu Image further asserts that during that same time period, neither IATSE nor the Plans took the position that Nu Image was obligated to remit residual contributions to the Plans. Id. at ¶ 27.

However, on May 13, 2013, the Plans sued Nu Image for breach of the Overall CBA (the "Plans' First Lawsuit"), based upon Nu Image's failure to pay residual contributions for the period of May 1, 2006 through December 31, 2010.[2] Id. at ¶ 30. Following the filing of the Plans' First Lawsuit, Nu Image asked IATSE to inform the Plans that Nu Image was not required to make residual contributions under the Overall CBA and that the Plans' demand for such payments was erroneous. Id. Nu Image alleges that IATSE denied that any oral representations regarding the residual payments had ever been made, and accordingly refused to corroborate Nu Image's contentions regarding the lack of any duty to make the payments under the Overall CBA. Id.

The Plans' First Lawsuit ultimately settled on or around February 4, 2015. Id. at ¶ 31. However, the Plans also filed a second lawsuit alleging the same claims for the period from 2011 through 2014.[3] Id. at ¶ 33. Accordingly, Nu Image alleges that "as a direct result of IATSE's misrepresentations," Nu Image "incurred significant amounts of money to defend against and settle the [Plans' First Lawsuit]" and continues to face the possibility of additional suits for allegedly delinquent residual contributions for later time

---

[2] According to the complaint in the instant suit, the Directors of the Plans ("Directors") oversee the management and administration of the Plans. Compl. at ¶ 12. If the Directors believe that an employer has failed to make proper contributions, the Directors have the authority to file a lawsuit to recover unpaid contributions. Id.

[3] The complaint alleges that this lawsuit was dismissed pending the Plans' further audit of Nu Image. Id. at ¶ 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

periods. Id. at ¶¶ 32-33. In the instant complaint, Nu Image thus brings claims for intentional misrepresentation, id. at ¶¶35-42, negligent misrepresentation, id. at ¶¶ 43-47, and declaratory relief, id. at ¶¶ 48-50. In connection with its claim for declaratory relief, Nu Image "requests a judicial determination that Nu Image's contentions . . . are correct, and that IATSE is obligated to indemnify or otherwise compensate Nu Image for any liability it incurs in the future to the Plans arising from the non-payment of Residual Contributions and for the cost of defending against any further lawsuit brought by the Plans seeking Residual Contributions." Id. at ¶ 50.

## III.   LEGAL STANDARD

### A.      Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|----------|-------------------------|------|---------------|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

## IV.   DISCUSSION

### A.   Subject Matter Jurisdiction under LMRA § 301(a)

Defendant IATSE argues that the Court lacks subject matter jurisdiction under section 301 of the Labor Management Relations Act ("Section 301").  Section 301(a) of the Labor Management Relations Act provides:

> Suits *for violation of contracts* between an employer and a labor
> organization representing employees in an industry affecting
> commerce as defined in this chapter, or between any such labor
> organizations, may be brought in any district court of the
> United States having jurisdiction of the parties, without respect
> to the amount in controversy or without regard to the
> citizenship of the parties.

29 U.S.C. § 185(a) (emphasis added).  Accordingly, defendant contends that because plaintiff's complaint fails to allege a breach of contract, and Section 301 confers jurisdiction only to adjudicate breach of contract claims (i.e., "suits for violation of contracts"), the Court accordingly lacks subject matter jurisdiction to adjudicate this action.  Motion at 1.  In advancing its argument regarding lack of subject matter jurisdiction, defendant primarily relies upon the Supreme Court's decision in Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto., Aerospace, Agric. Implement Workers of Am., Int'l Union, 523 U.S. 653 (1998).  The parties' chief dispute in the instant motion is whether, in light of Textron, this Court retains subject matter jurisdiction under Section 301 to adjudicate plaintiff's misrepresentation and declaratory relief claims.

### 1.   The Supreme Court's Decision in Textron

The plaintiff-union in Textron had alleged that the defendant-employer fraudulently induced the union to sign a collective-bargaining agreement.  Id. at 655.  As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

in the instant case, the plaintiff in <u>Textron</u> claimed that both before and during CBA negotiations, the defendant made material misrepresentations that influenced plaintiff's decision to enter the CBA—in that case, misrepresentations regarding the employer's plans to subcontract out work that would otherwise be performed by union members.  <u>Id.</u> As redress, the union sought "a declaratory judgment that the existing collective bargaining agreement between the parties is voidable," and "compensatory and punitive damages . . . to compensate [the Union and its members] for the harm caused by [Textron's] misrepresentations and concealments."  <u>Id.</u> (alterations in original). Furthermore, as in the instant suit, the plaintiff in <u>Textron</u> "[did] not allege that either it or [the defendant] ever violated the terms of the collective-bargaining agreement."  <u>Id.</u>

The Court in <u>Textron</u> concluded that "[b]ecause the Union's ***complaint*** alleges no violation of the collective-bargaining agreement, neither [the Supreme Court] nor the federal courts below have subject matter jurisdiction over th[e] case under § 301(a) of the Labor-Management Relations Act."  <u>Id.</u> at 661-662 (emphasis added).  "By its terms," the Court explained, Section 301 "confers federal subject-matter jurisdiction only over '[s]uits for violation of contracts.'"  <u>Id.</u> at 656.  Accordingly, the Court rejected the contention that Section 301 was "broad enough to encompass not only a suit that 'alleges' a violation of contract, but also one that concerns a violation of contract, or is intended to establish a legal right to engage in what otherwise would be a contract violation."  <u>Id.</u> Simply put, "a suit 'for violation of a contract' is not one filed with a view to' a future contract violation . . . It is one filed *because a contract has been violated*."  <u>Id.</u> at 657. Similarly, and more relevant to the instant action, "'[s]uits for violation of contracts' under § 301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been violated."  <u>Id.</u>

In the instant action, it is undisputed that plaintiff's complaint does not allege a breach of the CBA.  However, the parties dispute whether, in light of <u>Textron</u>, the lack of any such allegation deprives the court of subject matter jurisdiction under Section 301. Plaintiff argues that <u>Textron</u> does not require that the complaint in the instant suit include a claim for breach of contract in order to maintain subject matter jurisdiction under Section 301.  Opp'n at 11.  In <u>Textron</u>, as plaintiff notes,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'   JS-6

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

> [The plaintiff-union] neither allege[d] that Textron ha[d]
> violated the contract, nor [sought] declaratory relief from its
> own alleged violation.  Indeed, as far as the Union's complaint
> disclose[d], both parties [were] in absolute compliance with the
> terms of the collective-bargaining agreement.  Section 301(a)
> jurisdiction does not lie over such a case.

Textron, 523 U.S. at 658.  Thus, according to plaintiff, Textron "merely requires that a party – *i.e.*, any party, including the union or a trust fund – has asserted a violation of a labor contract before a federal court has jurisdiction under section 301."  Opp'n at 11 (citing Textron, 525 U.S. at 657-58).  Plaintiff further asserts, citing to various cases outside of the Ninth Circuit, that the essential allegation regarding a contractual violation "*need not be asserted in the same lawsuit*, in federal court, or, for that matter, in any adversarial proceeding."  Id. (emphasis added).  In other words, plaintiff argues that so long as an allegation of a contractual breach has been brought by anyone—even a non-signatory to the agreement (e.g., the Plans in the instant suit), and even outside the context of a lawsuit—then Section 301 grants this Court subject matter jurisdiction to adjudicate an action like the instant case.

        The Court disagrees and finds that plaintiff relies upon a misreading of Textron.  It is true, as plaintiff notes, that the plaintiff-union in Textron "d[id] not allege that either it or [defendant-employer] ever violated the terms of the collective-bargaining agreement." Textron, 525 U.S. at 655.  Here, in contrast to the plaintiff-union in Textron, Nu Image asserts that it has been accused of violating the Overall CBA (outside the context of this lawsuit) and has filed this action "because of" the alleged violation.  Opp'n at 13. However, this distinction is insufficient to confer jurisdiction in the instant action, which "obviously does not have as its 'purpose or object' violation of any contract."  Textron, 525 U.S. at 657.  The holding in Textron was that "neither [the Supreme Court] nor the federal courts below have subject matter jurisdiction over th[e] case  under" Section 301 "[b]ecause the [plaintiff's] *complaint alleges no violation* of the collective-bargaining agreement."  Id. at 661-62 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'   JS-6

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

Of course, "[i]f [Nu Image's] allegations are true, it seems clear that [IATSE] violated its statutory duty to bargain in good faith." Id. at 662 (Stevens, J., concurring). However, Textron's holding that the federal courts do not have Section 301 jurisdiction over a suit like the instant action "comports with the important goal of protecting the primary jurisdiction of the National Labor Relations Board in resolving disputes arising from the collective-bargaining process." Id. (Stevens, J., concurring).

> As the [Supreme] Court has long recognized, "[i]t is implicit in the entire structure of the [National Labor Relations] Act that the Board acts to oversee and referee the process of collective bargaining." [Citation.] "Congress evidently considered that centralized administration of specially designed procedures was necessary to obtain uniform application of its substantive rules." [Citation.] The rules governing disputes that arise out of the collective-bargaining process are within the special competence of the National Labor Relations Board. [Citation.] The fact that the Board undoubtedly has more expertise in the collective-bargaining area than federal judges provides an additional reason for concluding that Congress meant what it said in § 301(a) and for rejecting the Union's and the Government's broad reading of the "[s]uits for violation of contracts" language.

Id. (Stevens, J., concurring) (citations omitted).

It is true, as plaintiff contends, that the Court in Textron noted that its holding "does not mean that a federal court can never adjudicate the validity of a contract under § 301(a)." Id. at 657. Plaintiff accordingly relies upon dicta in Textron explaining that "a declaratory judgment plaintiff accused of violating a collective-bargaining agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'   JS-6**

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

may ask a court to declare the agreement invalid."[4]  Id. at 658.  Crucially, however, plaintiff fails to cite the sentence of the Court's opinion that immediately follows, in which the Court clarified that "in these cases [i.e., declaratory relief actions seeking contract invalidity], the federal court's power to adjudicate the contract's validity *is ancillary to, and not independent of, its power to adjudicate '[s]uits for violation of contracts.'"*  Id. at 658 (second alteration in original).  Section 301 "erects a gateway through which parties may pass into federal court"—however, ***once they have entered***, it does not restrict the legal landscape they may traverse."  Id. (emphasis added).  Thus, plaintiff's declaratory relief claim does not, by itself, permit plaintiff to "pass into federal

---

[4] The entire relevant passage in Textron reads as follows:

> "Suits for violation of contracts" under § 301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been violated.  This does not mean that a federal court can never adjudicate the validity of a contract under § 301(a).  That provision simply erects a gateway through which parties may pass into federal court; once they have entered, it does not restrict the legal landscape they may traverse.  Thus if, in the course of deciding whether a plaintiff is entitled to relief for the defendant's alleged violation of a contract, the defendant interposes the affirmative defense that the contract was invalid, the court may, consistent with § 301(a), adjudicate that defense.  See Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 85-86 (1982).  Similarly, a declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid.  *But in these cases, the federal court's power to adjudicate the contract's validity is ancillary to, and not independent of, its power to adjudicate "[s]uits for violation of contracts."*

Textron, 523 U.S. at 657-58 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'   JS-6**

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|----------|-------------------------|------|---------------|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

court" through the Section 301 "gateway"; rather, it simply presents an additional claim that a court could adjudicate "in the course of deciding whether a plaintiff is entitled to relief for the defendant's alleged violation of a contract."  Id.

Accordingly, when presented with similar facts as those alleged here, various district courts—including some in the Ninth Circuit—have dismissed for lack of subject matter jurisdiction.[5]  See, e.g., Trustees of Operating Engineers Pension Trust v. Tab Contractors, Inc., 224 F. Supp. 2d 1272, 1278 (D. Nev. 2002) ("[Plaintiff] asserts only three causes of action in its Third-Party Complaint—declaratory relief, indemnification, and unjust enrichment.  Noticeably absent from [plaintiff's] Third-Party Complaint is a *cause of action alleging that any of the Third-Party Defendants breached the collective-bargaining agreement* . . . unless this Court grants [plaintiff] leave to amend its Complaint to clarify its claim for contract breach, this Court will not have subject matter jurisdiction over [plaintiff's] claims . . . under the LMRA."); Lopresti v. Merson, No. 00 CIV. 4255 (JGK), 2001 WL 1132051, at *6 (S.D.N.Y. Sept. 21, 2001) (Koetl, J.) (citing Textron, 523 U.S. at 657) (finding— *despite complaint's inclusion of a CBA breach claim*—that a cause of action alleging an agreement was "procured through fraud" was "precisely the sort of challenge to the validity of a labor contract that does not state a claim under section 301 of the LMRA").

The decision of the Eighth Circuit Court of Appeals in Gerhardson v. Gopher News Co.,698 F.3d 1052 (8th Cir. 2012) is particularly instructive.  The plaintiffs in Gerhardson were unionized delivery drivers covered by a CBA who sued, for various breaches of duty, (1) their employer, (2) their union, and (3) the pension management

---

[5] The Court is aware of only three decisions of the Ninth Circuit Court of Appeals, one unpublished, that cite to Textron at all.  See Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc., 185 F.3d 978 (9th Cir. 1999); John v. United States, 247 F.3d 1032, 1033 (9th Cir. 2001); Rugemer v. Am. Nat. Can Co., 217 F.3d 846 (9th Cir. 2000) (unpublished disposition).  However, none of these cases substantively discusses the holding in Textron or its effect on the scope of subject matter jurisdiction under Section 301.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL    'O'   JS-6

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

firm operating the unionized employees' pension plan.[6]  Id. at 1054.  The employer "filed a crossclaim against the union, alleging fraud and conspiracy and seeking declaratory judgment, indemnification, and contribution from the union for damages and costs incurred by [the employer] arising out of the union's alleged misconduct" during negotiation of the CBA.  Id. at 1055.  The district court dismissed the employer's crossclaims against the union on the grounds that the court lacked subject matter jurisdiction under Section 301.  Id. at 1057.

The Eighth Circuit affirmed, first noting that "the National Labor Relations Board (NLRB) has exclusive jurisdiction over claims that 'arguably' constitute unfair labor practices under §§ 7 or 8 of the NLRA."  Id. (citing San Diego Building Trades Council Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 245 (1959) ("Garmon")).  Citing to a decision of the Ninth Circuit, the court then explained that the employer's "claims of bad faith and misrepresentation against the union involve conduct [during CBA negotiations] arguably prohibited by the NLRA and therefore are subject to Garmon's preemption doctrine."  Id. (citing Adkins v. Mireles, 526 F.3d 531, 542 (9th Cir. 2008) ("Because bargaining in bad faith is an unfair labor practice prohibited by NLRA §§ 7 and 8," the NLRB has exclusive jurisdiction.)).  The employer in Gerhardson, much like Nu Image here, challenged this conclusion, arguing that its claims "enter[ed] court through Textron's 'gateway' " because it had "asserted [these] claims against the union in connection with the drivers' § 301(a) claim to enforce the CBA."  Id. at 1058.  The Eighth Circuit rejected this argument (as the Court does here), noting that "Textron only permits a litigant to raise the validity of a contract as an *affirmative defense*; it does not allow such claims to be asserted offensively."  Id. (emphasis added).  The court further explained that under Textron, while "the invalidity of a contract may be raised defensively in a contract enforcement action, [] federal courts are not authorized to provide other relief based on the same invalidity."  Id.  Ultimately, therefore, the

---

[6] Notably, the pension management firm in Gerhardson—much like the Plans in the instant suit—had previously sued their employer in a separate civil action in an effort to recover unpaid contributions.  Gerhardson, 698 F.3d at 1055 (citing Central States v. Gopher News, 542 F. Supp. 2d 823, 829 (N.D. Ill. 2008)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'   JS-6

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

employer's claims, including its claims of bad faith and misrepresentation, were "subject to exclusive NLRB jurisdiction." Id.

Again, Nu Image resists such a reading of Textron, citing to various cases outside of the Ninth Circuit that have, when presented with similar facts, found subject matter jurisdiction to exist under Section 301. See, e.g., Joseph W. Davis, Inc. v. Int'l Union of Operating Engineers, Local 542, 636 F. Supp. 2d 403, 411 (E.D. Pa. 2008); J.W. Peters, Inc. v. Bridge, Structural and Reinforcing Iron Workers, Local Union 1, 398 F.3d 967, 973 (7th Cir. 2005); The Painting Co. v. Dist. Council No. 9, Int'l Union of Painters & Allied Trades, A.F.L., No. 2:07-CV-550, 2008 WL 4449262 (S.D. Ohio Sept. 30, 2008); J.F. New & Associates, Inc. v. Int'l Union of Operating Engineers, Local 150, ALF-CIO, No. 3:14-CV-1418 RLM, 2015 WL 1455258, at *2 (N.D. Ind. Mar. 30, 2015). While these cases arguably evidence a split of authority regarding the scope of the Supreme Court's holding in Textron, they do not require a different result here.

Accordingly, the Court finds that under Textron, this Court lacks subject matter jurisdiction pursuant to Section 301.[7]

## 2.       The Effect of Textron on the Ninth Circuit's Decision in Rozay's Transfer v. Local Freight Drivers

Plaintiff further argues that the Ninth Circuit's decision in Rozay's Transfer v. Local Freight Drivers, 850 F.2d 1321, 1324 (9th Cir. 1988), cert. denied, 109 S.Ct. 1768 (1989)—which predates Textron by ten years but whose facts closely resemble those in the instant case—establishes that this court has subject matter jurisdiction under Section

---

[7] The Court notes that Nu Image "did not allege federal question jurisdiction under 28 U.S.C. § 1331, but only under LMRA § 301. Specific jurisdictional provisions such as § 301 are grants of jurisdiction over cases in which the claimant is pressing a particular federal cause of action-in the case of § 301, it is a suit for violation of a contract between an employer and a labor organization." Mitchell v. Mirant California, LLC, No. C 07-05847 PJH, 2008 WL 501392, at *7 (N.D. Cal. Feb. 21, 2008) (Hamilton, J.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|----------|--------------------------|------|----------------|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

301 over claims for fraud in the inducement in connection with a CBA (so long as a party is claiming that the CBA was breached).  See Opp'n at 7-8.  In Rozay's, plaintiff-employer "Rozay's" brought an action pursuant to Section 301 against defendant-union for fraudulently inducing it to execute a collective bargaining agreement.  Id. at 1323.  Defendant IATSE in the instant action argues that Textron effectively overruled or at least undermined the reasoning in Rozay's, while plaintiff Nu Image contends that Rozay's remains good law.  As explained below, the Court concludes that the reasoning in Rozay's regarding the scope of subject matter jurisdiction under Section 301 was at least abrogated by Textron and, accordingly, does not require that this Court find that it has subject matter jurisdiction under Section 301 to adjudicate the misrepresentation claims in the instant suit.

As in the instant case, the action in Rozay's arose from the defendant-unions's alleged misrepresentations during negotiations regarding a renewed CBA with the employer (Rozay's).  Id.  During the negotiations, Rozay's stopped making trust fund contributions that had been required under the previous expired CBA.  Id.  Later, as the union and Rozay's were negotiating the new CBA, Rozay's expressed concern about its ability to make retroactive trust fund contributions, as would have been required by the new CBA.  Id. at 1324.  Union representatives "agreed to contact the trust fund and request a waiver of the obligation to make contributions . . . [and] assured Rozay['s] that the delinquent payments would be forgiven" by the trust fund.  Id.  Unbeknownst to Rozay's, when the union representatives later asked the trust fund to forgive Rozay's delinquent contribution payments, the trust fund denied the request.  Id.  However, when the new collective bargaining agreement was executed a few weeks later, the union representative did not advise Rozay's of the trust fund's decision to deny the request to waive the delinquent contribution, despite the union's knowledge of the trust fund's decision.  Id.  Rozay's, assuming that unpaid contributions would be forgiven, signed the new CBA.  Id.  The assignee of the trust fund subsequently sued Rozay's for its failure to pay contributions under the new CBA.  Id.  Rozay's later brought a separate lawsuit pursuant to Section 301 of the LMRA against the union for fraud in the inducement.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'   JS-6

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

Following a bench trial, the district court entered judgment in favor of Rozay's on the fraudulent misrepresentation claim. Id. at 1325. On appeal, amicus for the defendant-union challenged the court's jurisdiction to hear the fraudulent inducement claim under Section 301. Id. at 1326. The Ninth Circuit ultimately concluded that Section 301 "applies not only to suits for breach of a collective bargaining agreement once it is duly formed, *but also to suits impugning the existence and validity of a labor agreement*." Id. at 1326 (citing International Brotherhood of Electrical Workers, Local 532 v. Brink Construction Co., 825 F.2d 207, 212 (9th Cir. 1987); and John S. Griffith Construction Co. v. United Brotherhood of Carpenters and Joiners, 785 F.2d 706, 712 (9th Cir. 1986). Accordingly, the court held "that the district court had jurisdiction under LMRA § 301 to entertain th[e] action alleging fraudulent inducement in the formation of the agreement." Id. at 326.

However, this holding appears inconsistent with that of Textron—specifically, the Supreme Court's holding that "neither [it] nor the federal courts below have subject matter jurisdiction over th[e] case under" Section 301 "*[b]ecause the [plaintiff's] complaint allege[d] no violation* of the collective-bargaining agreement." Textron, 523 U.S. 661-62. Nu Image resists this conclusion, arguing that in Textron, the Supreme Court held that federal courts lack jurisdiction over a plaintiff's action attacking the validity of a labor agreement where no party had, "*in any legal forum or other less formal context*," alleged a prior violation of a CBA.[8] Opp'n at 15. Again, the Court rejects plaintiff's reading of Textron as conferring subject matter jurisdiction over the instant suit so long as an alleged violation of the CBA has occurred "in any legal forum or other less formal context."

_____

[8] Specifically, Nu Image argues that the "plaintiff in Textron only sought relief from a prospective breach of the CBA. But, in Rozay's Transfer, the trust funds had alleged a prior breach of the CBA, just as the Plans and IATSE have done here. This distinction is critical; Textron only required that there be a claimed prior violation of a CBA." Opp'n at 15 (citing Textron, 523 U.S. at 657-58).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'   JS-6**

| Case No. | 2:15-cv-05704-CAS(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | NU IMAGE, INC V. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC | | |

Accordingly, the Court concludes that the Ninth Circuit's abrogated holding in Rozay's Transfer does not require a different result in the instant case.[9]  See also Gerhardson, 698 F.3d at 1059 (explaining that despite Eighth Circuit precedent that "would seem to support" appellant's argument regarding subject matter jurisdiction under Section 301, the court "will not interpret [its] precedent in a way that is inconsistent with binding Supreme Court authority," including Textron and Kaiser Steel Corp. v. Mullins, 455 U.S. 72 (1982)); United Food & Commercial Workers Union, Local 1564 of New Mexico v. Albertson's, Inc., 207 F.3d 1193, 1194-95 (10th Cir. 2000) ("At the time this litigation was filed, federal jurisdiction was soundly based on § 301(a) . . . [but] [i]n the interim . . . the [Supreme] Court has handed down its decision in [Textron], holding that jurisdiction does not lie under § 301(a) for a declaratory judgment suit alleging the invalidity, but not a party's violation, of a collective bargaining agreement—*clearly rejecting our prior interpretation of § 301(a) and eliminating that jurisdictional basis*.") (emphasis added).

**V.     CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  Plaintiff's complaint is accordingly dismissed without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[9] Defendant also argues that Rozay's was further abrogated by the Supreme Court's holding in Granite Rock Co. v. International Brotherhood of Teamsters, 561 U.S. 287 (2010).  See Motion at 7-10; Reply at 3-6.  Plaintiff contests this conclusion.  See Opp'n at 16-17.  However, the Court need not rely upon the holding in Granite Rock to reach its conclusion with respect to the instant motion, and accordingly does not address the effect, if any, of Granite Rock on Rozay's Transfer.